IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JERRY DELONEY and
PEGGY DELONEY                                                                               PLAINTIFFS

VS.                                         CASE NO. 15-CV-4104

DENNIS CHASE,
CHASEMASTER CORPORATION, and
WILLIAM HALLACK, JR.                                                                        DEFENDANTS

**ORDER**

Before the Court is Separate Defendant William Hallack, Jr.'s Motion to Dismiss Complaint. (ECF No. 11). Plaintiffs have filed a response and supplement in opposition. (ECF Nos. 14, 27). William Hallack, Jr. has filed a reply. (ECF No. 17). The Court finds this matter ripe for consideration.

BACKGROUND

Plaintiffs, residents of Arkansas, received $460,738.00 in December 2010 from the United States Department of Agriculture ("USDA") in a civil rights action for racial discrimination. Contractual issues surrounding the funds from the civil rights action are at issue in the present case. Defendant Dennis Chase, a resident of Louisiana, represented Plaintiffs in the civil rights action as a non-lawyer advocate. Near the conclusion of the civil rights action, Chase contacted Defendant William Hallack, Jr.—an attorney—and proposed that Hallack keep any funds awarded from Chase's USDA cases in escrow.[1] Hallack is a resident of Louisiana and is not licensed to practice law in Arkansas. Hallack issued an engagement letter to Chase on October 26, 2010. (ECF No. 14, Exh. 2). The letter was addressed only to Chase and stated that Hallack would "represent [Chase's] principal claimants" in "reviewing and revising settlement documents, assisting principal claimants in execution of settlement documents, and escrowing

---

[1] It appears that the USDA requires that any award of funds be wired to an escrow account for dispersion.

and disbursing settlement proceeds."[2] Hallack contends that he did not know the identity of any "principal claimants" at the time the engagement letter was issued.

In August 2011, Plaintiffs allege that, under the guise of an investment opportunity, Defendant Chase defrauded Plaintiffs of $110,000 from the settlement funds. Plaintiffs claim that Defendant Hallack disbursed the $110,000 to Defendant Chase without performing any investigation concerning the circumstances or propriety of the disbursal.

In an effort to recover the settlement funds, Plaintiffs originally filed suit against Defendants Chase and Hallack in the Circuit Court of Little River County, Arkansas. Defendant Hallack filed a motion to dismiss in that case, arguing that the Circuit Court lacked personal jurisdiction over him. A hearing on the motion was held before the Honorable Charles Yeargan. In the hearing, Judge Yeargan stated his intent to grant the motion to dismiss. (ECF No. 13, Exh. 1, p. 33). Prior to an order of dismissal being issued, Plaintiffs non-suited their case. (ECF No. 14, Exh. 3) Thereafter, Plaintiffs re-filed their claims in this Court. (ECF No. 1). Plaintiffs' Complaint alleges breach of contract, promissory estoppel, unjust enrichment, conversion, breach of fiduciary duty, and fraud claims against Defendants Dennis Chase and Chasemaster Corporation. Plaintiffs allege legal malpractice and breach of fiduciary duty against Defendant William Hallack.[3] Plaintiffs assert that this Court has jurisdiction to hear this action pursuant to 28 U.S.C. § 1332 because the amount in controversy in this action exceeds $75,000 and is between citizens of different states.

In the present Motion to Dismiss, Defendant Hallack reasserts the arguments made in his

---

[2] While the engagement letter provides for reviewing and executing settlement documents, Hallack maintains that his only work with Chase involved holding the funds in escrow. Plaintiffs do not dispute this assertion.

[3] Plaintiffs' Complaint also included claims against Ronald Novack, Jr. and Juli Anne Novack, two individuals who were allegedly involved in the conversion of the $110,000 at issue. Plaintiffs voluntarily dismissed the Novacks from this suit on April 28, 2016. (ECF No. 19).

motion before the Circuit Court of Little River County. Hallack maintains that Plaintiffs' Complaint is devoid of facts which could support an exercise of personal jurisdiction over him. Specifically, Hallack claims that he has no relevant contacts with the state of Arkansas and that all of his legal work related to Plaintiffs' funds was carried out in Louisiana.

## DISCUSSION

To survive a motion to dismiss for lack of jurisdiction, the burden is on the plaintiff to plead facts sufficient to support a reasonable inference that a court possesses personal jurisdiction over the defendant. *Creative Calling Solutions, Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015). An action should not be dismissed for lack of personal jurisdiction at the motion to dismiss stage if the facts, viewed in the light most favorable to the plaintiff, are sufficient to support a conclusion that personal jurisdiction exists over a defendant. *Id*.

A federal court sitting in diversity must look to the forum state's long-arm jurisdictional statute to determine if it can exert personal jurisdiction over an out-of-state defendant. *Id*. Arkansas' jurisdictional statute permits personal jurisdiction over a defendant to the extent permitted by the due process clause of the Fourteenth Amendment. Ark. Code Ann. §16-4-101(B). For a court to exercise specific personal jurisdiction over an out-of-state defendant, the defendant must have a minimum level of contacts between himself and the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). For these contacts to create jurisdiction, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-475 (1985) (quoting *Hansen v. Denckla*, 357 U.S. 235, 253 (1958)).

The Eighth Circuit uses a five-factor test for determining whether this "purposeful

availment" exists. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073-74 (8th Cir. 2004). The five factors are: the nature and quality of a defendant's contacts with the forum state, the quantity of such contacts, the relation of the cause of action to the contacts, the interest of the forum state in providing a forum for its residents, and convenience of the parties. *Id*. The first three factors carry the most weight, but all factors should be considered within the totality of the circumstances in order to decide whether personal jurisdiction complies with due process. *See K-V Pharmaceutical Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592-93 (8th Cir. 2011).

In this case, Hallack argues that his personal contact with Plaintiffs was limited to a few phone calls and e-mails. Further, Hallack maintains that the funds at issue were held in escrow in Louisiana and that any distribution of those funds was made by Hallack in Louisiana. In sum, no substantive legal work was performed outside of Louisiana. Plaintiffs do not dispute these facts.[4] Rather, Plaintiffs argue that Hallack's agreement to hold their funds in escrow, as evidenced by the October 2010 engagement letter, amounts to a continuing relationship or obligation with Arkansas citizens that confers personal jurisdiction. The Court disagrees with Plaintiffs' assessment.

When a contractual obligation is the alleged contact through which a defendant has purposefully availed himself to a state's privileges, a court can exert personal jurisdiction if the interstate agreement creates a continuing relationship or obligation with citizens in the forum state. *See Burger King*, 471 U.S. at 473. However, the mere existence of a contract with a citizen

---

[4] In their opposition to the Motion to Dismiss, Plaintiffs request they be permitted to conduct discovery in order to "develop[] additional jurisdictional facts pertinent to the Court's determination of Defendant's Motion." Plaintiffs did not indicate what specific information they hope to develop during discovery. In their supplemental brief in opposition, Plaintiffs seem to clarify their request by stating that they would like to "conduct discovery on the October 26, 2010 engagement letter, so that they might prove for the Court that the 'principal claimants' referenced in the letter are indeed Plaintiffs Jerry and Peggy Deloney." The Court finds no such discovery necessary and assumes *arguendo* that the principal claimants referenced in the engagement letter include Plaintiffs Jerry and Peggy Deloney.

of a state is not enough on its own to confer jurisdiction over the out-of-state party. *Id*. at 478. Determining whether a contract creates a sufficient basis for personal jurisdiction requires an examination of the parties' negotiations, the parties' course of dealing, and the contract itself. *Id*. at 479.

Weighing all relevant factors, the Court finds that Plaintiffs have failed to establish that Defendant Hallack has sufficient contacts with the state of Arkansas to establish personal jurisdiction. Stated another way, Hallack's engagement letter and later contacts with Plaintiffs do not rise to the level of a "continuing relationship" or obligation with citizens of Arkansas. While the October 2010 engagement letter makes reference to the "principal claimants" from the civil rights action, Hallack did not speak with Plaintiffs about his legal services prior to the agreement to hold the funds in escrow. In fact, he testifies that he did not know the identity of any principal claimants represented by Chase at that time. Hallack's communications leading up to the engagement were only with Defendant Chase, a Louisiana resident, and the engagement letter was addressed only to Chase. Plaintiffs do not dispute these facts. While Hallack does appear to have later had a small amount of email and phone contact with Plaintiffs, it is undisputed that his work with escrow funds was done exclusively in Louisiana. Under these circumstances, the Court finds that the agreement to hold the funds in escrow and the course of dealing between Hallack and Plaintiffs do not indicate that Hallack purposefully directed any actions toward this forum. Accordingly, because there is no indication that Hallack purposefully availed himself of the laws and privileges of doing business in Arkansas, he cannot be subject to personal jurisdiction by a court in Arkansas.

CONCLUSION

For the reasons stated above, the Court finds that Defendant William Hallack, Jr.'s Motion to Dismiss (ECF No. 11) should be and hereby is **GRANTED**. Plaintiffs' claims against this Defendant are D**ISMISSED WITHOUT PREJDUCE** for lack of personal jurisdiction.

**IT IS SO ORDERED**, this 30th day of August, 2016.

 /s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge
