IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JERRY DELONEY and
PEGGY DELONEY                                                              PLAINTIFFS

V.                                    CASE NO. 4:15-CV-4104

DENNIS CHASE; and
CHASEMASTER CORPORATION                                          DEFENDANTS

## <u>ORDER</u>

Before the Court are Plaintiffs' (1) Motion for Default Judgment as to Defendants Dennis Chase and Chasemaster Corporation and (2) Supplemental Motion for Default Judgment as to Defendants Dennis Chase and Chasemaster Corporation. ECF Nos. 24, 30. The Court finds this matter ripe for consideration.

## I. BACKGROUND

In Plaintiffs' Complaint, they assert that they are African-American poultry farmers. ECF No. 1. They claim that the Farm Service Agency ("FSA"), "an arm of the United States Department of Agriculture ("USDA")" failed to timely process their loan applications and later denied their applications because they are African-American, in violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq*. ECF No. 1, ¶ 12. "On July 24, 2008, and as a result of the FSA's discrimination, [Plaintiffs] filed a *pro se* civil rights complaint with the Office of Adjudication of the USDA." ECF No. 1, ¶ 13. Defendant Dennis Chase, holding himself out as an expert on FSA procedure and protocol, subsequently contacted Plaintiffs and began "advising them regarding the FSA and how to proceed before the Office of Adjudication." ECF No. 1, ¶ 14. Plaintiffs later hired Defendant Chase, acting both individually and through Defendant Chasemaster Corporation, to represent them before the USDA. ECF No. 1, ¶¶ 15, 16. The USDA subsequently ruled in Plaintiffs' favor and awarded them $460,738 in damages. ECF No. 1, ¶ 17.

Plaintiffs gave Defendants Chase and Chasemaster Corporation a 40% fee of $184,295. ECF No. 1, ¶ 19.

Defendant Chase also convinced Plaintiffs to allow him to invest, on their behalf, $110,000 of their award at 7.25% interest. ECF No. 1, ¶ 20. Defendant Chase "also indicated that he would assign [Plaintiffs] a $200,000 mortgage as collateral to secure their investment." ECF No. 1, ¶ 20. Plaintiffs and Defendant Chase entered an agreement in August of 2011 whereby Defendant Chase would invest Plaintiffs' $110,000 at 7.25% interest on their behalf and would make monthly payments to Plaintiffs of $1,000. ECF No. 1, ¶ 20. From September of 2011 to August of 2012, Plaintiffs received monthly payments of $1,000. ECF No. 1, ¶ 22. Defendant Chase held a mortgage on property owned by his daughter and son-in-law and assigned that mortgage to Plaintiffs as collateral. ECF No. 1, ¶ 24. Plaintiffs state that they have never seen the property and do not know the value of the property. ECF No. 1, ¶ 25.

After the agreed upon monthly payments stopped, Plaintiffs demanded the return of their $110,000. ECF No. 1, ¶ 25. In lieu of returning the $110,000, Defendant Chase offered to deed the property owned by his daughter and son-in-law to Plaintiffs. ECF No. 1, ¶ 25. A Deed in Lieu of Foreclosure was drafted and sent to Plaintiffs. ECF No. 1, ¶ 26.

Plaintiffs filed their Complaint on November 3, 2015. ECF No. 1. As to Defendants Dennis Chase and Chasemaster Corporation, Plaintiffs alleged causes of action for: (1) breach of contract; (2) promissory estoppel; (3) unjust enrichment/assumpsit; (4) conversion; (5) breach of fiduciary duty; and (6) fraud. ECF No. 1. Defendant Dennis Chase was served on February 4, 2016, but failed to respond or enter an appearance. ECF No. 6. Defendant Chasemaster Corporation was served through its registered agent on February 8, 2016, but failed to respond or enter an appearance. ECF No. 7. On June 15, 2016, the Court issued a Notice of Default Procedure Under Federal Rule of Civil Procedure 55 in regard to Defendants Dennis Chase and

Chasemaster Corporation. ECF No. 21. On June 28, 2016, Plaintiffs filed affidavits in support of default for Defendants Dennis Chase and Chasemaster Corporation. ECF Nos. 22, 23. Plaintiffs filed the present Motion for Default Judgment that same day. ECF No. 24. On September 26, 2016, the Clerk of Court entered a Default as to Defendants Dennis Chase and Chasemaster Corporation. ECF No. 29.

## II. DEFAULT JUDGMENT

The district court may enter a default judgment when a party fails to appropriately respond in a timely manner. *See, e.g.*, *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997). The Federal Rules of Civil Procedure leave the determination of whether to enter a default judgment to the sound discretion of the trial court. *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015). However, the United States Court of Appeals for the Eighth Circuit has recognized that default judgments are not favored by the law and should be rarely used, as there is a preference for adjudication on the merits. *Id*. If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Am. Red Cross v. Cmty. Blood Ctr.*, 257 F.3d 859, 864 (8th Cir. 2001). Furthermore, the court must ensure that "the unchallenged facts constitute a legitimate cause of action" prior to entering final judgment. *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). Courts may consider various factors when determining whether to enter a default judgment. Those factors include: (1) the amount of money that may be involved; (2) whether material issues of fact or issues of substantial public importance are at issue; (3) whether the default is largely technical; (4) whether the plaintiff has been substantially prejudiced by the delay involved; (5) whether the grounds for default are clearly established or are in doubt; (6) whether the default was caused by a good-faith mistake or by excusable or

inexcusable neglect; and (7) harshness of the effect of default judgment. *Belcourt Pub. Sch. Dist.*, 786 F.3d at 661.

In the present motion, Plaintiffs only appear to argue that they have stated a claim for breach of contract. Although Plaintiffs initially also sought relief under theories of promissory estoppel, unjust enrichment/assumpsit, conversion, breach of fiduciary duty, and fraud, they have failed to discuss any of these causes of action in the present motion or otherwise argue that judgment pursuant to these theories is warranted. As such, the Court will only address Plaintiffs' contention that judgment is appropriate under a breach of contract cause of action.

As to the issue of whether "the unchallenged facts constitute a legitimate cause of action," the Supreme Court of Arkansas has found that "[i]n order to state a cause of action for breach of contract, 'the complaint need only assert [1] the existence of a valid and enforceable contract between the plaintiff and defendant, [2] the obligation of defendant thereunder, [3] a violation by defendant, and [4] damages resulting to plaintiff from the breach.'" *Rabalais v. Barnett*, 683 S.W.2d 919, 921 (Ark. 1985) (citing *Williams v. Black Lumber Co.*, 628 S.W.2d 13, 14 (Ark. 1982)). Plaintiffs explicitly assert that they entered into a valid and enforceable agreement with Defendants Chase and Chasemaster Corporation. ECF No. 1, ¶ 29. Plaintiffs further assert that, under that contract, Defendants had the obligations to (1) invest $110,000 of Plaintiffs' money, (2) at 7.25% interest, and (3) to make monthly payments to Plaintiffs of $1,000.[1] ECF No. 1, ¶¶ 29, 31. Plaintiffs also claim that Defendants failed to invest their $110,000 at 7.25% interest and, after making twelve monthly payments, stopped making the required monthly payments. ECF No. 1, ¶¶ 22, 23, 24. Finally, Plaintiffs argue that "Defendants'

---

[1] Defendants may have also been obligated to assign Plaintiffs a $200,000 mortgage as collateral to secure their investment, but the Complaint fails to make clear whether this was part of the agreement or merely a gratuitous offer made by Defendant Chase. Regardless, Plaintiffs assert that Defendant Chase failed to assign them a $200,000 mortgage, but did assign them a mortgage on property Defendant Chase's daughter and son-in-law purchased. Plaintiffs state they have no knowledge of the property's value. ECF No. 1, ¶¶ 24, 25.

4

breach of the investment agreement caused Plaintiffs' injury, in that Plaintiffs have suffered monetary loss as a direct result" of Defendants' conduct. ECF No. 1, ¶ 32. Taking these factual allegations as true, it is clear that Plaintiffs have asserted a legitimate cause of action against Defendants Chase and Chasemaster Corporation.

Having found that Plaintiffs have successfully stated a cause of action against Defendants, the Court must determine whether to grant a default judgment. As noted above, the Court has discretion in determining whether to enter a default judgment, taking into account various factors. The grounds for default in the present case have been clearly established, as Defendants Chase and Chasemaster Corporation have failed to respond or defend in this action. Further, there appear to be no material facts in dispute. Plaintiffs claim they had a contract with Defendants, Defendants appear to have partially performed under some contractual agreement, and Defendants attempted to resolve the breach by deeding property over to Plaintiffs. All of these facts tend to indicate that Defendants were contractually bound, though the Court notes that Plaintiffs have failed to provide the Court with a written contract or other evidence to establish the exact contractual provisions.[2]

Another factor courts may take into consideration is the amount of money involved. Here, Plaintiffs seek recovery of more than $100,000, a fairly large sum. Further, looking at the issues of whether Defendants may have acted in good-faith or may be able to show excusable neglect, the Court finds that the record indicates Defendants have not acted in good-faith and would be unlikely to establish excusable neglect. Defendants acted as non-attorney advocates for Plaintiffs in Plaintiffs' civil rights action before the USDA and received a large fee for this advocacy. Defendants then "advised" Plaintiffs of an investment opportunity and persuaded them

---

[2] Although it is unclear why Plaintiffs have failed to include a written contract or copies of relevant promissory notes as attachments to their pleadings, the Court is satisfied that the factual allegations, accepted as true, indicate that Plaintiffs and Defendants were performing under some contractual agreement. However, the exact contractual language and provisions must be provided to the Court in order for the Court to make a determination of damages.

to transfer $110,000 to Defendants. Defendants appear to have cultivated a trusting relationship with Plaintiffs and then used that trust as a means of obtaining more money from Plaintiffs. Thus, it is clear Defendants have not acted in good-faith. Finally, in regard to the harshness of the effect of default judgment, the Court finds that the effect will not be overly harsh, but instead will simply allow Plaintiffs to recover their lost funds.

Therefore, the Court finds that Plaintiffs have alleged sufficient facts to support a legitimate cause of action against Defendants Chase and Chasemaster Corporation and that default judgment is proper.

### III. DAMAGES

After determining that a judgment by default should be entered, the Court should determine the amount and character of the recovery. Fed. R. Civ. P. 55(b)(2)(B). "When a default judgment is entered on a claim for an 'indefinite or uncertain amount of damages . . . facts relating to the amount of damages . . . must be proved in a supplemental hearing or proceeding.'" *Am. Red Cross v. Cmty. Blood Ctr.*, 257 F.3d 859, 864 (8th Cir. 2001) (quoting *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001)).

Here, Plaintiffs request a damages award in the amount of $137,875. However, as noted above, Plaintiffs have not provided the Court with evidence establishing the terms and provisions of the contract at issue. As such, the Court finds that a hearing to determine damages will be necessary. That hearing will take place on May 26, 2017, at 9:00 a.m. at the United States Courthouse, Texarkana, Arkansas. Plaintiffs are instructed to provide the Court with all relevant documentation concerning the contract at issue including (1) the contract itself; (2) promissory notes assigned to Plaintiffs; (3) mortgages Plaintiffs may hold as collateral for their investment and information about the mortgaged property such as location and value; and (4) any other documentation showing the amount of Plaintiffs' damages.

## IV. CONCLUSION

Accordingly, Plaintiffs' Motion for Default Judgment as to Defendants Dennis Chase and Chasemaster Corporation (ECF No. 24) and Supplemental Motion for Default Judgment as to Defendants Dennis Chase and Chasemaster Corporation (ECF No. 30) are hereby **GRANTED IN PART** insofar as default judgment is entered against Defendants Chase and Chasemaster Corporation**.** Plaintiffs' motions are **DENIED IN PART** in regard to Plaintiffs' request for an award of damages in the amount of $137,875, as a damages hearing will be held on May 26, 2017, at 9:00 a.m. at the United States Courthouse, Texarkana, Arkansas.

**IT IS SO ORDERED**, this 1st day of February, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge