IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JERRY DELONEY and
PEGGY DELONEY                                                                    PLAINTIFFS


V.                          CASE NO. 4:15-CV-4104


DENNIS CHASE and
CHASEMASTER CORPORATION                                                          DEFENDANTS

**ORDER**

Before the Court is Plaintiffs' request for damages made in Plaintiffs' Supplemental Motion for Default Judgment as to Defendants Dennis Chase and Chasemaster Corporation (ECF No. 30). Also before the Court are Plaintiffs' Motion for Attorney's Fees and Costs (ECF No. 31) and Plaintiffs' Supplemental Motion for Attorney's Fees and Costs (ECF No. 35). The Court finds these matters ripe for consideration.

**I. BACKGROUND**

In their Complaint, Plaintiffs originally named as Defendants (1) Dennis Chase, (2) Chasemaster Corporation, (3) William Hallack, Jr., (4) Ronald Novack, Jr., and (5) Juli Anne Novack. ECF No. 1, p. 1. Plaintiffs are residents of Arkansas. ECF No. 1, ¶ 1. All of the originally named Defendants are residents of Louisiana. ECF No. 1, ¶¶ 2-6, 24. Defendant Dennis Chase was served on February 4, 2016, but failed to respond or enter an appearance. ECF No. 6. Defendant Chasemaster Corporation was served through its registered agent on February 8, 2016, but failed to respond or enter an appearance. ECF No. 7. On April 28, 2016, the Court granted Plaintiffs' motion to voluntarily dismiss Defendants Ronald Novack, Jr., and Juli Anne Novack, as Plaintiffs claimed they were unable to perfect service upon the Novacks. ECF No. 19. Likewise, on August

30, 2016, the Court dismissed Defendant William Hallack, Jr., for lack of personal jurisdiction. ECF No. 28.

Plaintiffs subsequently moved for default judgment on their breach-of-contract claim and the Court entered default judgment on that claim against Defendants Chase and Chasemaster Corporation on February 1, 2017. ECF No. 32. However, the Court's grant of default judgment was to liability only, as the Court determined that a damages hearing was necessary because, although Plaintiffs had plead a breach of contract claim, they had not "provided the Court with evidence establishing the terms and provisions of the contract at issue" so that the Court could determine damages. ECF No. 32. The Court held an evidentiary damages hearing on May 26, 2017 ("hearing"). Plaintiffs attended that hearing and provided the Court with various exhibits they claim establish the terms of their "investment agreement" with Defendants and show the amount of damages to which they are entitled. Defendants did not appear at the hearing.

The Court has previously outlined the factual background, as alleged in the unanswered Complaint, that gave rise to this matter:

> In Plaintiffs' Complaint, they assert that they are African-American poultry farmers. ECF No. 1. They [state] that the Farm Service Agency ("FSA"), "an arm of the United States Department of Agriculture ("USDA")" failed to timely process their loan applications and later denied their applications because they are African-American, in violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq.* ECF No. 1, ¶ 12. "On July 24, 2008, and as a result of the FSA's discrimination, [Plaintiffs] filed a *pro se* civil rights complaint with the Office of Adjudication of the USDA." ECF No. 1, ¶ 13. Defendant Dennis Chase, holding himself out as an expert on FSA procedure and protocol, subsequently contacted Plaintiffs and began "advising them regarding the FSA and how to proceed before the Office of Adjudication." ECF No. 1, ¶ 14. Plaintiffs later hired Defendant Chase, acting both individually and through Defendant Chasemaster Corporation, to represent them before the USDA. ECF No. 1, ¶¶ 15, 16. The USDA subsequently ruled in Plaintiffs' favor and awarded them $460,738 in damages. ECF No. 1, ¶ 17. Plaintiffs gave Defendants Chase and Chasemaster Corporation a 40% fee of $184,295. ECF No. 1, ¶ 19.
>
> Defendant Chase also convinced Plaintiffs to allow him to invest, on their behalf, $110,000 of their award at 7.25% interest. ECF No. 1, ¶ 20. Defendant

Chase "also indicated that he would assign [Plaintiffs] a $200,000 mortgage as collateral to secure their investment." ECF No. 1, ¶ 20. Plaintiffs and Defendant Chase entered an agreement in August of 2011 whereby Defendant Chase would invest Plaintiffs' $110,000 at 7.25% interest on their behalf and would make monthly payments to Plaintiffs of $1,000.[1] ECF No. 1, ¶ 20. From September of 2011 to August of 2012, Plaintiffs received monthly payments of $1,000. ECF No. 1, ¶ 22. Defendant Chase held a mortgage on property owned by his daughter and son-in-law and assigned that mortgage to Plaintiffs as collateral. ECF No. 1, ¶ 24. Plaintiffs state that they have never seen the property and do not know the value of the property. ECF No. 1, ¶ 25.

After the agreed upon monthly payments stopped, Plaintiffs demanded the return of their $110,000. ECF No. 1, ¶ 25. In lieu of returning the $110,000, Defendant Chase offered to deed the property owned by his daughter and son-in-law to Plaintiffs. ECF No. 1, ¶ 25. A Deed in Lieu of Foreclosure was drafted and sent to Plaintiffs. ECF No. 1, ¶ 26.

Plaintiffs filed their Complaint on November 3, 2015. ECF No. 1. As to Defendants Dennis Chase and Chasemaster Corporation, Plaintiffs alleged causes of action for: (1) breach of contract; (2) promissory estoppel; (3) unjust enrichment/assumpsit; (4) conversion; (5) breach of fiduciary duty; and (6) fraud. ECF No. 1.

ECF No. 32.

In the Court's previous order granting default judgment on the issue of liability, the Court noted that "Plaintiffs [had] not provided the Court with evidence establishing the terms and provisions of the contract at issue," and that a hearing to determine damages would be necessary. Accordingly, the Court instructed Plaintiffs "to provide the Court with all relevant documentation concerning the contract at issue including (1) the contract itself; (2) promissory notes assigned to Plaintiffs; (3) mortgages Plaintiffs may hold as collateral for their investment and information about the mortgaged property such as location and value; and (4) any other documentation showing the amount of Plaintiffs' damages." In accordance with this direction, Plaintiffs introduced various

---

[1] Although the Court initially thought Plaintiffs contention was that Defendants Chasemaster Corporation and/or Dennis Chase would make these payments, the Court may have been mistaken. Plaintiffs' allegations do not state which person or party would make these payments, but simply that "[f]rom September of 2011 through August of 2012, the Deloneys received $1,000 per month as a part of the investment agreement with Defendant DENNIS CHASE." ECF No. 1, ¶ 22.

3

exhibits in the course of the hearing on damages that Plaintiffs contend establish the terms of the "investment agreement" and otherwise show their damages.

## II. DISCUSSION

### A. Damages

The Court has now had the opportunity to review and evaluate the exhibits Plaintiffs submitted at the hearing and finds that Plaintiffs have proven their damages to a reasonable degree of certainty. "When a default judgment is entered on a claim for an 'indefinite or uncertain amount of damages . . . facts relating to the amount of damages . . . must be proved in a supplemental hearing or proceeding.'" *Am. Red Cross v. Cmty. Blood Ctr.*, 257 F.3d 859, 864 (8th Cir. 2001) (quoting *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001)). Further, actual damages must be proven "to a reasonable degree of certainty." *Id.*; *United States Sec. & Exch. Comm'n v. Markusen*, 143 F. Supp. 3d 877, 887 (D. Minn. 2015).

Throughout this litigation, Plaintiffs have contended that they "entered into an investment agreement with Defendants Dennis Chase and Chasemaster Corporation in August 2011" and that "[p]ursuant to that agreement, Plaintiffs were to provide $110,000.00 to Chase and Chasemaster Corporation, which those Defendants would invest on Plaintiffs' behalf for a rate of return based on a 7.25% interest rate." ECF No. 30, ¶ 12. Plaintiffs further state that "[f]rom September 2011 through August 2012, Plaintiffs received $12,000 in monthly payments pursuant to the agreement ($1,000.00 per month)." ECF No. 30, ¶ 13. Plaintiffs originally requested a damages award of $137,875.00.[2] ECF No. 30, ¶ 14. Plaintiffs justified this amount by stating:

> Defendants' breach of the investment agreement has caused Plaintiffs injury, in that Plaintiffs have lost $110,000 plus the 7.25% return on investment promised (other than the $12,000.00 received . . . prior to the breach). Specifically, from the onset of the investment agreement to the date of this Motion (September 2011 through September 2016), Plaintiffs should have received $39,875.00 in interest payments

---

[2] At the hearing, Plaintiffs' counsel stated that he calculated this amount using simple interest.

over those five years. Adjusting for the amount the Plaintiffs did receive, Plaintiffs have lost $137,875.00 total (the $110,000.00 principal, plus the $27,875.00 in interest Plaintiffs did not receive).

ECF No. 30, ¶ 14. At the hearing, Plaintiffs updated the amount they seek in damages to $142,527.00 to reflect the payments they were owed along with interest that accumulated between the filing of Plaintiffs' Supplemental Motion for Default Judgment as to Defendants Dennis Chase and Chasemaster Corporation (ECF No. 30) and the date of the hearing.

Upon reviewing the exhibits Plaintiffs submitted to the Court, the Court is satisfied that Plaintiffs have proven their damages to a reasonable degree of certainty. Plaintiffs' Exhibit Three was presented to the Court by Plaintiffs' counsel as "the package [Plaintiffs] were presented with." This exhibit clearly shows that Plaintiffs directed Hallack Law Firm, who held their funds in escrow, to transfer $110,000 to Defendant Chasemaster Corporation. Furthermore, Plaintiffs' Exhibit Three contains a promissory note that, although unexecuted, reflects the 7.25% interest rate Plaintiffs have claimed throughout the litigation of this matter. Accordingly, the Court finds that Plaintiffs are entitled to damages in the amount of $142,527.00, accounting for the $110,000.00 they initially transferred to Defendants and the $32,527.00 in accumulated interest, having subtracted the $12,000.00 of payments Plaintiffs initially received.

**B. Attorney's Fees and Costs**

Plaintiffs have also filed Plaintiffs' Motion for Attorney's Fees and Costs (ECF No. 31), and Plaintiffs' Supplemental Motion for Attorney's Fees and Costs (ECF No. 35).

In the present case, Plaintiffs have recovered solely on their breach-of-contract cause of action. Ark. Code Ann. § 16-22-308 provides that:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject

matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

Ark. Code Ann. § 16-22-308. When breach-of-contract claims are advanced along with other claims, "an award of attorney's fees to the prevailing party is proper only when the action is based primarily in contract." *Reed v. Smith Steel, Inc.*, 78 S.W.3d 118, 126 (Ark. Ct. App. 2002).

In the present case, Plaintiffs have sought recovery against Defendants Chase and Chasemaster Corporation for (1) breach of contract; (2) promissory estoppel; (3) unjust enrichment/assumpsit; (4) conversion; (5) breach of fiduciary duty; and (6) fraud. ECF No. 1. However, Plaintiffs sought recovery under theories of promissory estoppel, unjust enrichment/assumpsit, conversion, breach of fiduciary duty, and fraud "in the alternative." ECF No. 1, ¶¶ 34, 39, 41, 44, 48. Accordingly, the Court finds that this matter is based primarily in contract. Therefore, an award of attorney's fees is proper.

In determining the reasonableness of an attorney's fee award, a "district court [is] required to first calculate a lodestar, by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate, and to then consider whether the lodestar amount should be reduced, based on appropriate considerations." *Jones v. RK Enters. of Blytheville, Inc.*, 632 Fed. App'x. 306, 307 (8th Cir. 2016) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)). A "reasonable" hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). The United States Supreme Court has set forth twelve factors to be considered when making a lodestar determination: (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results

obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3. Although Plaintiffs have not discussed the majority of these factors, they have cited case law in support of their measure of attorney's fees. Plaintiffs cite this Court's previous decision in *J & J Sports Prods., Inc. v. Montes*, 4:14-CV-4115, ECF No. 39 (W.D. Ark. Apr. 12, 2016), to support their request that they be awarded fees at a rate of $350.00 per hour for attorney time and $175.00 per hour for paralegal time. ECF No. 35, ¶ 6.

Furthermore, pursuant to Local Rule 54.1 Plaintiffs have included an affidavit setting out the time spent on the litigation and factual matters pertinent to the petition for attorney's fees. Plaintiffs claim that Plaintiffs' counsel "has spent 40.9 hours of attorney time and 2.3 hours of paralegal time pursuing Plaintiffs' claims against Defendants Chase and Chasemaster Corporation." ECF No. 35, ¶ 5. Based on these calculations and the above-cited rates, Plaintiffs seek a total amount of $14,612.50 in attorney's fees to be assessed against Defendants Chase and Chasemaster Corporation. ECF No. 35, ¶ 7.

Although the Court has granted attorney's fees at the above-cited rates, *J & J Sports Prods., Inc. v. Montes* dealt with a situation where the complaint alleged a violation of 47 U.S.C. § 605; Plaintiff's counsel had practiced law for twenty-two years; and his practice "specialized in the civil prosecution of commercial signal piracy claims on behalf of promoters and closed-circuit distributors of major televised sporting events." *J & J Sports Prods., Inc.*, 4:14-CV-4115, ECF No. 39, p. 2. The present case does not concern such a specialized area of the law and Plaintiffs' counsel has not practiced law as long as counsel in *J & J Sports Prods., Inc*. Accordingly, the Court finds that Plaintiffs' measure of damages, based on the time needed to litigate this matter, the complexity of the legal issues presented, and other factors cited above, is unreasonable.

Under the instant circumstances, where Plaintiffs have prevailed by default judgment on a breach-of-contract claim, the Court finds that a reasonable hourly rate for attorney's time is $200.00 per hour and a reasonable rate for paralegal's time is $100.00 per hour. Furthermore, upon review, the Court finds that 2.3 hours of paralegal time spent on this matter is reasonable. Accordingly, Plaintiffs should be awarded $230.00 for the time Plaintiffs' counsel's paralegal spent on this matter.

However, the Court finds Plaintiffs' claim that this case required 40.9 hours of attorney time to be unreasonable. As noted above, this matter was based on a breach-of-contract; Plaintiffs prevailed by default judgment; and only one hearing was conducted. Likewise, Plaintiffs request for attorney's fees is solely based on the breach-of-contract cause of action, whereas some of the time Plaintiffs' counsel spent on this matter related, in part, to Plaintiffs' other causes of action. That being said, the Court notes the difficulty Plaintiffs had in serving Defendants due to Defendants' actions. Likewise, the Court recognizes the extra time required to seek extensions of the service period and to effect service. Accordingly, the Court finds that Plaintiffs should be awarded an amount commensurate to 20.5 hours of attorney time. Therefore, Plaintiffs are entitled to recover $4,330.00 in attorney's fees based on 20.5 hours of attorney time at a rate of $200.00 per hour and 2.3 hours of paralegal time at a rate of $100.00 per hour.

In regard to costs, Plaintiffs request $1,190.00, which includes the filing fee for this lawsuit as well as the costs incurred in having Defendants served. The Court finds these costs reasonable and that Plaintiffs are entitled to recover $1,190.00 in costs.

Accordingly, Plaintiffs shall recover $5,520.00 in attorney's fees and costs.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' request for default judgment as to damages is hereby **GRANTED**. Further, the Court finds that Plaintiffs' Motion for Attorney's Fees and Costs (ECF No. 31) and Plaintiffs' Supplemental Motion for Attorney's Fees and Costs (ECF No. 35) should be and hereby are **GRANTED IN PART** and **DENIED IN PART**. Accordingly, Plaintiffs are hereby awarded $142,527.00 in damages and $5,520.00 in attorney's fees and costs. The Court will enter a Judgment of even date in favor of Plaintiffs Jerry Deloney and Peggy Deloney and against Defendants Dennis Chase and Chasemaster Corporation.

**IT IS SO ORDERED**, this 11th day of September, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge